**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

GREGORY ALLEN PEET, SR.                                         PLAINTIFF

v.                                                CIVIL ACTION NO. 5:26CV-61-JHM

MCCRACKEN COUNTY, KENTUCKY *et al.*                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Gregory Allen Peet, Sr., filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon screening of the complaint, the instant action will be dismissed for the reasons herein.

## I. FACTUAL ALLEGATIONS

Plaintiff brings this action against the following Defendants: McCracken, County, Kentucky; Kentucky Cabinet for Health and Family Services (CHFS); Department for Community Based Services (DCBS); Child Protective Services (CPS); Hope Harper, a social worker employed by CPS; "Unknown CPS Workers 1-3"; "John/Jane Doe Supervisors 1-3"; and "Any other unknown officials responsible for approval, supervision, or execution of actions described herein."

Plaintiff's complaint arises out of a welfare check by Defendant Harper and three other unknown CPS employees concerning the wellbeing of his five minor children. Plaintiff maintains that Kentucky authorities falsely believe that he is currently a registered sex offender based on erroneous information concerning his prior conviction in Missouri. He alleges a "multi-state pattern" in which Missouri and Kentucky agencies have initiated "sudden, intrusive,

and unverified child-welfare investigations immediately after Plaintiff files or pursues federal civil-rights lawsuits." He alleges that prior to the CPS visit he "submitted a formal demand letter and initiated legal action against local government entities"; that "Defendants were aware of Plaintiff's protected activity"; and the CPS welfare check "occurred immediately afterward."

Plaintiff asserts that Defendant Harper "arrived at Plaintiff's home without prior notice" and made allegations concerning his registration as a sex offender out of Missouri which she did not verify.[1] He states that Defendant Harper, assisted by the John/Jane Doe CPS workers, entered his home "without a warrant, court order, or exigent circumstances" and without his consent. He states that his children were "safe, visible, and not in danger." He maintains that Defendant Harper "attempted to interview Plaintiff's minor children privately without legal authority" and that he "objected and cited constitutional protections." He states, "The children reacted with fear and confusion, similar to their reactions during the Missouri 2024 incident."[2] He asserts that "the children's distress is directly tied to repeated exposure to false allegations across states." Plaintiff maintains that his home "contained adequate food, supplies, and safe living conditions"; the children were healthy and not in danger; that he was "lawfully homeschooling" them; and that he maintained transportation.

Plaintiff also alleges, "Supervisors approved or ratified the investigation without verification. . . . CHFS/DCBS maintained policies allowing warrantless entry and reliance on unverified data. . . . These failures mirror Missouri's 2024 failures, showing a multi-state pattern of systemic disregard for verification and constitutional limits." He maintains that Defendant Harper "failed to follow the mandatory procedures required by Kentucky administrative

---

[1] Plaintiff attaches what he calls a "transcript" of the CPS visit to the complaint. The document will be described in pertinent part below.

[2] Plaintiff also attaches to his complaint a video taken of a 2024 incident where his children were interviewed by Missouri Department of Family Services employees.

2

regulations, Kentucky statutes, and federal constitutional law governing child protective investigations."

Plaintiff alleges claims for retaliation in violation of the First Amendment; "Fourth Amendment Unlawful Entry"; "Fourteenth Amendment Family Integrity"; state-law claims for abuse of process and "Defamation/False Report; and "Monell Liability (County + CHFS/DCBS)."

As relief, Plaintiff seeks compensatory and punitive damages, and injunctive relief in the form of "correction of interstate data"; "prohibition on further reliance on false Missouri information"; and "protection against retaliatory investigations."

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

### A. 42 U.S.C. § 1983 claims

Plaintiff alleges that Defendants violated his rights under First, Fourth, and Fourteenth Amendments. Those claims are brought under § 1983. Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *1. Defendant McCracken County, Kentucky*

A county or municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the

policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any of the actions described in the complaint occurred as a result of a policy or custom implemented or endorsed by McCracken County.  In fact, it is not clear why he sued McCracken County since none of its employees are named as Defendants; the CPS workers are employed by the Commonwealth of Kentucky.  Therefore, the complaint fails to establish a basis of liability against McCracken County, and the claims against it must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendants CHFS, DCBS, and CPS

It is well-settled that a state and its agencies, such as CHFS, DCBS, and CPS, are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Plaintiff's claims against these agencies are therefore subject to dismissal for failure to state a claim upon which relief can be granted.  Additionally, the Eleventh Amendment acts as a bar to all claims for relief against these Defendants.  A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x

856, 857 (6th Cir. 2004), and Congress did not intend to override the traditional sovereign immunity of the states in enacting § 1983.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  Therefore, Plaintiff's claims against these Defendants will also be dismissed for seeking monetary relief against a defendant who is immune from such relief.

### 3. Defendants "John/Jane Doe Supervisors 1-3"and "Any other unknown officials responsible for approval, supervision, or execution of actions described herein"

To state a claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."  *Bellamy*, 729 F.2d at 421.  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff does not allege that any of the supervisory Defendants were personally involved in the incident giving rise to the complaint.  Therefore, Plaintiff's individual-capacity claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### 4. Defendants Harper and "John/Jane Doe CPS Workers 1-3"

#### a. First Amendment

Plaintiff alleges that Defendant Harper, and presumably the other John/Jane Doe CPS workers, entered his home and attempted to interview his minor children in retaliation for unspecified legal action he had taken.

Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (per curiam).  In order to state a retaliation claim, a plaintiff must show that:  (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct.  *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X*, 175 F.3d at 394).  "[C]onclusory allegations of retaliatory motive "unsupported by material facts will not be sufficient to state . . . a claim under § 1983."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Yarbrough v. Boyd*, No. 4:15CV-P131-JHM, 2015 U.S. Dist. LEXIS 146544, at *4 (W.D. Ky. Oct. 29, 2015) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the [plaintiffs'] constitutional rights.") (citation omitted).

In regard to the first element, Plaintiff alleges that he "file[d] or pursue[d] federal civil-rights lawsuits" and that he "submitted a formal demand letter and initiated legal action against local government entities."  He does not specify what legal action he took or against whom he

7

took it.  Therefore, his allegations are too conclusory and lacking in factual specificity to allege that he engaged in protected conduct.

However, even if the Court were to presume that Plaintiff satisfied the first and second prongs required to state a retaliation claim, Plaintiff fails to satisfy the third prong.  He presents no facts to show how or why Defendant Harper or the other CPS workers were even aware of his unspecified legal actions or were motivated by them when they attempted to interview his children.  Moreover, in the attachments to the complaint, Plaintiff includes what he calls a "transcript" of Defendant Harper's visit that provides Plaintiff's description of the encounter.[3] That document shows that the CPS worker, presumably Defendant Harper, stated her reasons for the welfare check, which included the following:  that the family of seven was living in a hotel room, that Plaintiff was a convicted child sex offender in Missouri, that the kids appeared to be thin and possibly malnourished and generally uncared for and only the youngest child appeared to be fed, that the kids were not attending school and did not appear to be receiving any homeschooling, that the family has no reliable transportation, and that their vehicle had no valid tags, registration, or insurance.  The Court finds that the facts presented in the complaint and attachments fail to show that Defendant Harper was motivated by Plaintiff's purported legal actions when she performed the child welfare check and not by the other reasons she provided based on Plaintiff's own statements.  *See Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that "merely alleg[ing] the ultimate fact of retaliation" is not sufficient to state a claim).

---

[3] The Court may consider the attachments to the complaint in conducting its initial review.  *See, e.g.*, *Coursey v. Greenfield*, No 5:21-CV-P117-TBR, 2022 U.S. Dist. LEXIS 109391, at *9 n. 1 (W.D. Ky. June 20, 2022); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

For these reasons, Plaintiff's retaliation claim will be dismissed for failure to state a claim upon which relief may be granted.

### b. Fourth Amendment

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. Amend. IV.  The Sixth Circuit has held that social workers are governed by the Fourth Amendment when entering a home in a child services capacity. *Andrews v. Hickman Cnty., Tenn.*, 700 F.3d 845, 859-60 (6th Cir. 2012).  "A Fourth Amendment child-seizure claim belongs only to the child, not to the parent, although a parent has standing to assert it on the child's behalf." *Stephens v. Hamilton Cnty. Jobs & Fam. Servs.*, 46 F. Supp. 3d 754, 764 (S.D. Ohio 2014) (quoting *Southerland v. City of New York*, 680 F.3d 127, 143 (2d Cir. 2012)).

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (quoting 28 U.S.C. § 1654); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").  Consequently, in a civil rights action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970 (a § 1983 action) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see also Boyd v. Tex. Dep't of Fam.*, No. 3:24-CV-137-CEA-JEM, 2024 U.S. Dist. LEXIS 246860, at *13 (E.D. Tenn. Sept. 16, 2024) (dismissing Fourth Amendment claim against social worker who interviewed child without parent's

9

permission and finding that the parent did not "name her children as plaintiffs, but even if she had, she cannot represent them *pro se*"); *E.B. v. Northmont City Sch. Dist. Bd. of Educ.*, No. 3:21-CV-255, 2021 U.S. Dist. LEXIS 181712, at *2-3 (S.D. Ohio Sept. 23, 2021) (finding that *pro se* parent's action on behalf of the children under 42 U.S.C. § 1983 was legally barred because the parent could not represent them); *Reguli v. Guffee*, No. 08-CV-0774, 2009 U.S. Dist. LEXIS 12952, at *27 (M.D. Tenn. Feb. 19, 2009) (dismissing *pro se* plaintiff's Fourth Amendment claim based on the removal and interrogation of her child from her public school because the child was not a plaintiff).

Therefore, the Fourth Amendment claim must be dismissed for failure to state a claim upon which relief may be granted.  Should Plaintiff wish to pursue claims on behalf of his children, he must obtain counsel.  The Court will dismiss the Fourth Amendment claim without prejudice to counsel refiling the claim.

### c. Fourteenth Amendment

Plaintiff also alleges a claim for "Fourteenth Amendment Family Integrity."  The Fourteenth Amendment "protects an individual from deprivation of life, liberty or property, without due process of law."  *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005).  The Sixth Circuit has held that "'[i]t is clearly established that the Constitution recognizes both a protectible procedural due process interest in parenting a child and a substantive fundamental right to raise one's child.'"  *Schulkers v. Kammer*, 955 F.3d 520, 539 (6th Cir. 2020) (quoting *Bartell v. Lohiser*, 215 F.3d 550, 557 (6th Cir. 2000)).  "Mere investigation by authorities into child abuse allegations without more, however, does not infringe upon a parent's right to custody or control of a child" under the Fourteenth Amendment.  *Kottmyer v. Maas*, 436 F.3d 684, 691 (6th Cir. 2006)

10

Plaintiff does not allege that his children were taken from him or that his control over them was limited in any way. As such, his allegations do not implicate the core "parental right of custody and control over his children." *Id*. at 691. Therefore, Plaintiff fails to state a Fourteenth Amendment claim.

To the extent Plaintiff alleges a violation of due process based on Defendants' failure to follow state regulations or statutes, the failure to comply with an administrative regulation or policy or with state law does not rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995).

For these reasons, Plaintiff's Fourteenth Amendment claim must be dismissed for failure to state a claim upon which relief may be granted.

### d. Conspiracy

Moreover, in as much as Plaintiff is alleging a conspiracy claim based on his allegations that Kentucky and Missouri authorities engaged in a "multi-state pattern" to violate his constitutional rights, the claim also fails. Under § 1983 a civil conspiracy is "'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). To allege a conspiracy claim, Plaintiff must allege that a single plan existed; that the alleged co-conspirators shared in the general conspiratorial objective to deprive Plaintiff of his constitutional or federal statutory rights; and that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague

and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez*, 826 F.2d at 1538.

Plaintiff's allegations of a conspiracy fail to meet the pleading standard. The allegations are entirely conclusory; he alleges no facts that would allow the Court to draw a reasonable inference that individuals in two different states across multiple agencies formed a single plan to deprive Plaintiff of his rights. Plaintiff does not plead the "specifics" of any alleged conspiracy such as "when, where, or how the defendants conspired." *Perry v. Se. Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005). "The 'web of inference[s] is too weak' on the alleged facts to permit a finding, 'absent sheer speculation,' that [Defendants] shared . . . [an] unlawful objective." *Bazzi*, 658 F.3d at 603 (quoting *United States v. Sliwo*, 620 F.3d 630, 637 (6th Cir. 2010)). Accordingly, Plaintiff's conspiracy claim must be dismissed for failure to state a claim upon which relief may be granted.

### B. State-law claims

Plaintiff also alleges state-law claims of defamation and abuse of process. Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The state-law claims, therefore, will be dismissed without prejudice.

12

## IV. CONCLUSION

Accordingly, the Court will dismiss the action and deny all pending motions as moot by separate Order.[4]

Date:    May 14, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiffs, *pro se*
4414.010

---

[4] The Court reviewed Plaintiff's "notice of imminent harm and request for emergency relief" (DN 11) and "supplemental notice of compliance with court order and additional evidence of housing-related hardship" (DN 14) and finds no grounds to negate the dismissal of this action for the reasons stated herein.